# Judge Hellerstein

## 09 CV 8634

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

HAROLD KLEIMAN, Individually and On
Behalf of All Others Similarly Situated,

                            Plaintiff,

         vs.

RHI ENTERTAINMENT, INC., ROBERT A.
HALMI, JR. and WILLIAM J. ALIBER,

                         Defendants.

---------------------------------------------------------------- x

: Civil Action No.
:
: CLASS ACTION COMPLAINT FOR
: VIOLATIONS OF FEDERAL SECURITIES
: LAWS
:
:
:
:
: **JURY TRIAL DEMANDED**
:
:
:

Plaintiff makes the following allegations, except as to allegations specifically pertaining to Plaintiff and Plaintiff's counsel, based upon the investigation undertaken by Plaintiff's counsel (which investigation included analysis of publicly available news articles and reports, public filings, securities analysts' reports and advisories about RHI Entertainment, Inc. ("RHI" or the "Company"), press releases and other public statements issued by the Company, and media reports about the Company) and believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased the common stock of RHI pursuant and/or traceable to the Company's initial public offering (the "IPO" or the "Offering") on or about June 19, 2008 seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act").

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act [15 U.S.C. §§77k, 77l(a)(2) and 77o].

3.      This Court has jurisdiction of this action pursuant to Section 22 of the Securities Act [15 U.S.C. §77v] and 28 U.S.C. §§1331 and 1337.

4.      Venue is properly laid in this District pursuant to Section 22 of the Securities Act and 28 U.S.C. §1391(b) and (c). The acts and conduct complained of herein occurred in substantial part in this District and the IPO was marketed in this District.

5.      In connection with the acts and conduct alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including the mails and telephonic communications and the facilities of the Nasdaq National Market ("NASDAQ").

## PARTIES

6.    Plaintiff Harold Kleiman purchased RHI common stock, as set forth in the certification attached hereto and incorporated herein by reference, pursuant and/or traceable to the Company's IPO, and was damaged thereby.

7.    Defendant RHI develops, produces, and distributes new made-for-television movies, mini-series, and other television programming worldwide. The Company also produces new episodic series programming for television.

8.    Defendant Robert A. Halmi, Jr. ("Halmi") was, at all relevant times, Chief Executive Officer, President and Chairman of the Board of RHI. Halmi signed the Registration Statement.

(a)    Defendant William J. Aliber ("Aliber") was, at all relevant times, Chief Financial Officer. Aliber signed the Registration Statement.

(b)    Defendants Halmi and Aliber are collectively referred to herein as the "Individual Defendants."

9.    By reason of their management positions and their ability to make public statements in the name of RHI, the Individual Defendants were and are controlling persons, and had the power and influence to cause (and did cause) RHI to engage in the conduct complained of herein.

## CLASS ACTION ALLEGATIONS

10.    Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of itself and all persons other than defendants who purchased the common stock of RHI pursuant and/or traceable to the IPO. Excluded from the Class are defendants herein, members of the immediate family of each of the defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any defendant has a controlling interest or which is related to or affiliated with any of the defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.

- 2 -

11.     The members of the Class are so numerous that joinder of all members is impracticable.  RHI sold more than 13.5 million shares of common stock in the IPO.  The precise number of Class members is unknown to plaintiff at this time but is believed to be in the thousands. In addition, the names and addresses of the Class members can be ascertained from the books and records of RHI or its transfer agent or the underwriters to the IPO.  Notice can be provided to such record owners by a combination of published notice and first-class mail, using techniques and a form of notice similar to those customarily used in class actions arising under the federal securities laws.

12.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has retained competent counsel experienced in class action litigation under the federal securities laws to further ensure such protection and intends to prosecute this action vigorously.

13.     Plaintiff's claims are typical of the claims of the other members of the Class because plaintiff's and all the class members' damages arise from and were caused by the same false and misleading representations and omissions made by or chargeable to defendants.  Plaintiff does not have any interests antagonistic to, or in conflict with, the Class.

14.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the class members to seek redress for the wrongful conduct alleged.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

15.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)     Whether the federal securities laws were violated by defendants' acts as alleged herein;

(b)     Whether the prospectus and registration statement issued by defendants to the investing public in connection with the IPO negligently omitted and/or misrepresented material facts about RHI and its business; and

(c)     The extent of injuries sustained by members of the Class and the appropriate measure of damages.

## SUBSTANTIVE ALLEGATIONS

16.     Defendant RHI develops, produces, and distributes new made-for-television movies, mini-series, and other television programming worldwide. The Company also produces new episodic series programming for television.

17.     On or about June 13, 2008, RHI filed with the Securities and Exchange Commission ("SEC") a Form S-1/A Registration Statement (the "Registration Statement"), for the IPO.

18.     On or about June 19, 2008, the Prospectus (the "Prospectus") with respect to the IPO, which forms part of the Registration Statement, became effective and, including the exercise of the over-allotment, more than 13.5 million shares of RHI's common stock were sold to the public, thereby raising more than $189 million.

19.     Defendants were negligent in their preparation of the Registration Statement.  As a result, the Registration Statement contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading and was not prepared in accordance with the rules and regulations governing its preparation.

20.    The Registration Statement described RHI's production business and highlighted that programming is generally ordered late in the preceding year or early in the current year and delivered in the second half of the year.  The Registration Statement stated in pertinent part as follows:

> Our revenue and operating results are seasonal in nature. A significant portion of the films that we develop, produce and distribute are delivered to the broadcast and cable networks in the second half of each year.  Typically, programming for a particular year is ordered either late in the preceding year or in the early portion of the current year. Generally, planning and production take place during the spring and summer and completed film projects are delivered in the third and fourth quarters of each year. As a result, our first and second quarters typically have less revenue than the other quarters of a given year. Importantly, the results of one quarter are not necessarily indicative of results for the next or any future quarter

21.    The Registration Statement positively described RHI's business and operations and the Company's production schedule.  The Registration Statement stated that the Company expected to develop, produce and distribute 40 MFT movies and mini-series.  The Registration Statement stated in pertinent part as follows:

> **During 2008, we expect to develop, produce and distribute approximately 40 MFT movies and mini-series.**  Historically, we have been able to scale our production volume and diversify our content offering in order to meet market demand. We believe our award winning content offers customers a variety of cost-effective programming that drives ratings and, in turn, generates additional demand for our library content. In nine of the last 13 seasons, we have developed and distributed either the highest-rated U.S. broadcast MFT movie or mini-series episode. In addition, our productions have won 104 Emmy® Awards, 15 Golden Globe Awards and eight Peabody Awards. [Emphasis added.]

22.    The Registration Statement positively described the Company's ability to keep production expenses low stating in pertinent part as follows:

> In addition to pre-selling licensing rights, we mitigate production risk by focusing on relatively low cost programming, with production expenses ranging from $2.0 to $4.0 million for a MFT movie and $8.0 to $20.0 million for a mini-series. In addition, we have a relatively short production cycle, between 30 and 60 days for a MFT movie and 60 and 90 days for a mini-series, and relatively low annual working capital requirements. **These factors will enable us to develop, produce and distribute approximately 40 MFT movies and mini-series in 2008.** We believe

that these characteristics, combined with our expanding distribution opportunities, will continue to create long-term value for us while limiting our risk.  [Emphasis added.]

23.     The statements referenced above in ¶¶20-22 were inaccurate statements of material fact because they failed to disclose that given the declining state of the credit markets and other negative factors then impacting the Company's business, the Company would not be able to complete 40 MFT movies and miniseries in 2008.

24.     The description of the Company's business in the Registration Statement created the materially misleading impression that at the time of the IPO the Company had orders for 40 MFT movies and mini-series which had been paid for, were in production and would be delivered in later half of the year.

25.     Under applicable SEC rules and regulations governing the preparation of the Registration Statement, the Registration Statement was required to disclose that given prevailing market conditions and other adverse factors then impacting the Company's business, the Company would not be able to complete 40 MFT movies and miniseries in 2008.  The Registration Statement failed to contain any such disclosure.

26.     At the time of the filing of this suit, RHI common stock traded at $2.89 per share.

### COUNT I

**Violations of Section 11 of the Securities Act**
**Against All Defendants**

27.     Plaintiff repeats and realleges each and every allegation contained above.

28.     This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against all Defendants.

29.     The Registration Statement for the IPO was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

30.     RHI is the registrant for the IPO. The Defendants named herein were responsible for the contents and dissemination of the Registration Statement and the Prospectus.

31.     As issuer of the shares, RHI is strictly liable to Plaintiff and the Class for the misstatements and omissions.

32.     None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and the Prospectus were true and without omissions of any material facts and were not misleading.

33.     By reasons of the conduct herein alleged, each Defendant violated, and/or controlled a person who violated, Section 11 of the Securities Act.

34.     Plaintiff acquired RHI shares pursuant to the Registration Statement.

35.     Plaintiff and the Class have sustained damages. The value of RHI common stock has declined substantially subsequent to and due to Defendants' violations.

36.     At the times it purchased RHI shares, Plaintiff and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to November 6, 2008. Less than one year has elapsed from the time that Plaintiff discovered or reasonably could have discovered the facts upon which this complaint is based to the time that Plaintiff filed this Complaint. Less than three years elapsed between the time that the securities upon which this Count is brought were offered to the public and the time Plaintiff filed this Complaint.

## COUNT II

### Violations of Section 12(a)(2) of the Securities Act
### Against All Defendants

37.     Plaintiff repeats and realleges each and every allegation contained above.

38.     This Count is brought pursuant to Section 12(a)(2) of the Securities Act on behalf of the Class, against all Defendants.

39.     Defendants were sellers and offerors and/or solicitors of purchasers of RHI stock offered pursuant to the Prospectus.

40.     The Prospectus contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.  Defendants' actions of solicitation included participating in the preparation of the false and misleading Prospectus and participating in road shows to market the Secondary Offering to investors.

41.     Defendants owed to the purchasers of RHI common stock, including Plaintiff and other class members, the duty to make a reasonable and diligent investigation of the statements contained in the IPO materials, including the Prospectus contained therein, to ensure that such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading.  Defendants in the exercise of reasonable care should have known of the misstatements and omissions contained in the IPO materials as set forth above.

42.     Plaintiff and other members of the Class purchased or otherwise acquired RHI common stock pursuant to and/or traceable to the defective Prospectus.  Plaintiff did not know, or in the exercise of reasonable diligence could not have known, of the untruths and omissions contained in the Prospectus.

43.     Plaintiff, individually and representatively, hereby offers to tender to Defendants those securities which Plaintiff and other Class members continue to own, on behalf of all members of the Class who continue to own such securities, in return for the consideration paid for those securities together with interest thereon. Class members who have sold their RHI common stock are entitled to rescissory damages.

44.     By reason of the conduct alleged herein, these Defendants violated, and/or controlled a person who violated, §12(a)(2) of the Securities Act. Accordingly, Plaintiff and members of the Class who hold RHI common stock purchased in the IPO have the right to rescind and recover the consideration paid for their RHI common stock and hereby elect to rescind and tender their RHI common stock to the defendants sued herein. Plaintiff and Class members who have sold their RHI common stock are entitled to rescissory damages.

## COUNT III

### Violations of Section 15 of the Securities Act
### Against the Individual Defendants

45.     Plaintiff repeats and realleges each and every allegation contained above.

46.     This Count is brought pursuant to Section 15 of the Securities Act against the Individual Defendants.

47.     Each of the Individual Defendants was a control person of RHI by virtue of his position as a director and/or senior officer of RHI. The Individual Defendants each had a series of direct and/or indirect business and/or personal relationships with other directors and/or officers and/or major shareholders of RHI.

48.     Each of the Individual Defendants was a culpable participant in the violation of Section 11 of the Securities Act alleged in Counts I and II above, based on their having signed the

- 9 -

Registration Statement and having otherwise participated in the process which allowed the IPO to be successfully completed.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of itself and the Class, prays for judgment as follows:

A.    declaring this action to be a action properly maintained pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

B.    awarding Plaintiff and other members of the Class damages together with interest thereon;

C.    awarding Plaintiff and other members of the Class their costs and expenses of this litigation, including reasonable attorneys' fees, accountants' fees and experts' fees and other costs and disbursements; and

D.    awarding Plaintiff and other members of the Class such other and further relief as may be just and proper under the circumstances.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED: October 9, 2009          COUGHLIN STOIA GELLER RUDMAN &
                                  ROBBINS LLP
                                SAMUEL H. RUDMAN
                                DAVID A. ROSENFELD


                                _____
                                SAMUEL H. RUDMAN

                                58 South Service Road, Suite 200
                                Melville, NY  11747
                                Telephone: 631/367-7100
                                631/367-1173 (fax)

ABRAHAM FRUCHTER & TWERSKY LLP
JACK FRUCHTER
One Penn Plaza
New York, NY 10119
Telephone: 212/279-5050

Attorneys for Plaintiff

## CERTIFICATION OF HAROLD KLEIMAN
## IN SUPPORT OF CLASS ACTION COMPLAINT

Harold Kleiman ("plaintiff") declares, as to the claims asserted under the federal securities laws, that:

1.  Plaintiff has reviewed the complaint prepared by counsel in the above-captioned case and has authorized its filing.

2.  Plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under the federal securities laws.

3.  Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.  During the proposed Class Period, plaintiff executed the following transactions in the stock of RHI Entertainment, Inc.  See Attachment A:

5.  In the past three years, plaintiff has not served, nor sought to serve, as a representative party on behalf of a class in an action filed under the federal securities laws.

6.  Plaintiff will not accept payment for serving as a representative party on behalf of a class beyond plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 3/ st

day of August, 2009.

HAROLD KLEIMAN

ATTACHMENT A

| Date | Action | Amount | Price |
|------|--------|--------|-------|
| June 18, 2008 | Buy | 1,000 shares | $14.00 |
| July 7, 2008 | Sell | 1,000 shares | $12.74 |