UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| HAROLD KLEIMAN, Individually and On Behalf of All Others Similarly Situated, | : | Civil Action No. 1:09-cv-08634-AKH |
| Plaintiff, | : | CLASS ACTION |
| vs. | : | |
| RHI ENTERTAINMENT, INC., et al., | : | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE UNITED FOOD & COMMERCIAL WORKERS UNION LOCAL 655, AFL-CIO, FOOD EMPLOYERS JOINT PENSION PLAN'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL |
| Defendants. | : | |

## TABLE OF CONTENTS

Page

I. INTRODUCTION ....................................................................................................1

II. SUMMARY OF THE ACTION ..............................................................................2

III. ARGUMENT ..........................................................................................................3

A. The PSLRA's Lead Plaintiff Provisions .......................................................3

B. The UFCW Is the "Most Adequate Plaintiff" ...............................................4

1. The UFCW Has the Largest Financial Interest in the Relief Sought by the Class ...............................................................................4

2. The UFCW Satisfies Rule 23 .............................................................4

a. The UFCW Is Typical ...............................................................4

b. The UFCW Is Adequate ............................................................5

C. The Court Should Approve the UFCW's Selection of Coughlin Stoia as Lead Counsel ....................................................................................5

IV. CONCLUSION .......................................................................................................7

Plaintiff United Food & Commercial Workers Union Local 655, AFL-CIO, Food Employers Joint Pension Plan ("UFCW" or "Movant") respectfully submits this memorandum of law in support of its motion for entry of an order: (1) appointing the UFCW as lead plaintiff; and (2) approving its selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel.

## I. INTRODUCTION

Currently pending in this district is a class action lawsuit brought on behalf of persons who purchased or otherwise acquired the common stock of RHI Entertainment, Inc. ("RHI" or the "Company") pursuant and/or traceable to the Company's initial public offering (the "IPO" or "Offering") on or about June 19, 2008, against RHI and certain of its senior insiders for violations of the federal securities laws.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant with the largest financial interest in the relief sought by the class that otherwise satisfy the requirements of Fed. R. Civ. P. 23. *See id*. Here, the UFCW should be appointed as lead plaintiff because it: (1) timely filed its motion for appointment as lead plaintiff; (2) has the largest financial interest in the outcome of this litigation of any lead plaintiff movant of which Movant is aware; and (3) will adequately represent the interests of the class. 15 U.S.C. §77z-1(a)(3)(B)(iii). *See* Affidavit of David A. Rosenfeld in Support of the United Food & Commercial Workers Union Local 655, AFL-CIO, Food Employers Joint Pension Plan's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel ("Rosenfeld Aff."), Ex. 1. Additionally, UFCW's selection of Coughlin Stoia to serve as lead counsel should be approved because Coughlin Stoia possesses extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members.

## II. SUMMARY OF THE ACTION[1]

RHI develops, produces, and distributes original made-for-television ("MFT") movies, mini-series, episodic series programming, and other television programming worldwide.

On or about June 13, 2008, RHI filed with the Securities and Exchange Commission a Form S-1/A Registration Statement (the "Registration Statement") for the IPO. On or about June 19, 2008, RHI's Prospectus, which forms part of the Registration Statement, became effective and, including the exercise of the over-allotment, more than 13.5 million shares of RHI's common stock were sold to the public at a price of $14.00 per share, thereby raising more than $189 million.

Defendants were negligent in their preparation of the Registration Statement and Prospectus. As a result, the Registration Statement and Prospectus contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and was not prepared in accordance with the rules and regulations governing its preparation. For example, the Registration Statement described RHI's production business and highlighted that programming is generally ordered late in the preceding year or early in the current year and delivered in the second half of the year. The Registration Statement also positively described RHI's business and operations and the Company's production schedule, and stated that the Company expected to develop, produce and distribute 40 MFT movies and mini-series.

These statements, along with others in the Registration Statement and Prospectus, were inaccurate statements of material fact because they failed to disclose that given the declining state of the credit markets and other negative factors then impacting the Company's business, the Company would not be able to complete 40 MFT movies and miniseries in 2008. Indeed, the description of the

---

[1] All facts taken from the complaint in the action styled *Kleiman, et al. v. RHI Entertainment, Inc., et al.*, Case No. 1:09-cv-08634-AKH, filed October 9, 2009.

Company's business in the Registration Statement created the materially misleading impression that at the time of the IPO the Company had orders for 40 MFT movies and mini-series which had been paid for, were in production, and would be delivered in later half of the year.

At the time of the filing of this suit, RHI common stock traded at $2.89 per share.

## III. ARGUMENT

### A. The PSLRA's Lead Plaintiff Provisions

The PSLRA establishes the procedure for the appointment of lead plaintiffs in private actions arising under the Securities Act of 1933. *See In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997). First, the plaintiff who files the initial action must publish a notice to the class (within 20 days of filing the action) informing class members of their right to file a lead plaintiff motion. Here, notice was published on *Business Wire* on October 9, 2009. *See* Rosenfeld Aff., Ex. 2. Within 60 days of publishing the notice, any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §77z-1(a)(3)(A)(i)(II), (B)(i).

Second, the PSLRA provides that the Court shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §77z-1(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . . ;
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii)(I).

**B. The UFCW Is the "Most Adequate Plaintiff"**

**1. The UFCW Has the Largest Financial Interest in the Relief Sought by the Class**

The UFCW purchased approximately 8,480 shares of RHI common stock pursuant and/or traceable to the Company's IPO and has a loss exceeding $43,800 in connection therewith. *See* Rosenfeld Aff., Ex. 1. To the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(bb).

**2. The UFCW Satisfies Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc). Of Rule 23(a)'s four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of a class representative. *See Yates v. Open Joint Stock Co.* "*Vimpel-Communications*," No. 04 Civ. 9742 (NRB), 2005 U.S. Dist. LEXIS 7717, at *6 (S.D.N.Y. Apr. 29, 2005) (finding that "'a wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation]'") (citations omitted). Consequently, in deciding motions for appointment of lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See id.*

**a. The UFCW Is Typical**

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v.*

*Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.

Here, the UFCW is typical because, just like all other class members, it purchased RHI common stock pursuant and/or traceable to the Company's IPO and suffered damages thereby. *See* Rosenfeld Aff., Ex. 1. Thus, the UFCW's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

#### b. The UFCW Is Adequate

Under Fed. R. Civ. P. 23(a)(4) a representative party must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4) is met where: "(1) class counsel is 'qualified, experienced, and generally able to conduct the litigation;' and (2) class members do not have interests that are antagonistic to one another." *Babcock v. Computer Assocs. Int'l*, 212 F.R.D. 126, 131 (E.D.N.Y. 2003) (citation omitted). Here, the UFCW is adequate because its interests are aligned with the interests of the class. Furthermore, there is no evidence of antagonism between the UFCW and the class and it has certified to its willingness to serve as a class representative. Rosenfeld Aff., Ex. 1. In addition, as shown below, the UFCW's proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.

### C. The Court Should Approve the UFCW's Selection of Coughlin Stoia as Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §77z-1(a)(3)(B)(v). This Court should not disturb the lead

plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa).

Here, the UFCW has selected Coughlin Stoia to serve as lead counsel to the class. Coughlin Stoia possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. Coughlin Stoia's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. *See* Rosenfeld Aff., Ex. 3. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Coughlin Stoia as lead counsel. Because the UFCW has selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, its choice of Coughlin Stoia should be approved. *See In re Bausch & Lomb Inc. Sec. Litig.*, 244 F.R.D. 169, 175 (W.D.N.Y. 2007); *Levine v. AtriCure, Inc.*, 508 F. Supp. 2d 268, 278 (S.D.N.Y. 2007); *Vanamringe v. Royal Group Techs., Ltd.*, 237 F.R.D. 55, 58 (S.D.N.Y. 2006); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 308 (S.D. Ohio 2005) ("the Court finds that [Coughlin Stoia] will represent deftly the class's interests").

## IV. CONCLUSION

For the foregoing reasons, the UFCW respectfully requests that the Court: (1) appoint it as Lead Plaintiff; and (2) approve its selection of Coughlin Stoia to serve as Lead Counsel.

DATED: December 8, 2009

Respectfully submitted,

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
BRIAN O. O'MARA
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

Document1

CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 8, 2009.

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

E-mail: drosenfeld@csgrr.com

# Mailing Information for a Case 1:09-cv-08634-AKH

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James Ellis Brandt**
  james.brandt@lw.com,jessica.bengels@lw.com,jason.grossman@lw.com
- **Jack Gerald Fruchter**
  jfruchter@aftlaw.com
- **Jeff G. Hammel**
  jeff.hammel@lw.com,jessica.bengels@lw.com,jason.grossman@lw.com
- **David Avi Rosenfeld**
  drosenfeld@csgrr.com,e_file_ny@csgrr.com
- **Samuel Howard Rudman**
  srudman@csgrr.com,e_file_ny@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)