UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAROLD KLEIMAN, Individually and On Behalf of All Others Similarly Situated, Plaintiff, | Civil Action No. 1:09-cv-08634-AKH |
| vs. | CLASS ACTION |
| RHI ENTERTAINMENT, INC., et al., Defendants. | [redacted] FINAL JUDGMENT AND ORDER |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/28/11

On the 25th day of October, 2011, a hearing having been held before this Court to determine: (1) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (2) whether a Judgment should be entered dismissing the Action on the merits and with prejudice as to Defendants, and whether the Class's release of the Plaintiffs' Released Claims, as set forth in the Stipulation and Agreement of Settlement dated March 8, 2011 ("Stipulation"), should be provided to the Releasees; (3) whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court; and (4) whether the Individual Notice, Summary Notice, and the notice methodology implemented pursuant to the Stipulation and the Court's Preliminary Approval Order (a) constituted the best practicable notice, (b) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, their right to object to the proposed Settlement, their right to appear at the Fairness Hearing, and their right to exclude themselves from the Class, (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice, and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law; and the Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that an Individual Notice of the hearing substantially in the form approved by the Court was sent to all reasonably identifiable potential Class Members, as shown by the records of RHI's transfer agent(s), at the respective addresses set forth in such records, and that a Summary Notice of the hearing substantially in the form approved by the Court was published pursuant to the Preliminary Approval Order, and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action and the Setting Parties and has jurisdiction to enter this Final Judgment and Order (the "Judgment").

2. The Court hereby certifies the following class for settlement purposes only:

All persons and entities who purchased or otherwise acquired RHI common stock pursuant or traceable to RHI's initial public offering during the Class Period, i.e., between June 19, 2008 and November 6, 2008, inclusive, Excluded from the Class are: (a) Defendants; (b) Immediate Family Members of the Individual Defendants; (c) the majority-owned subsidiaries and affiliates of RHI; (d) any person or entity who is or during the Class Period was a partner, executive officer, director, or controlling person of RHI (including any of its subsidiaries of affiliates); (e) any entity in which any Defendant has or had a Controlling Interest; and (f) the legal representatives, heirs, successors and assigns of any such excluded party. Also excluded from the Class are those persons or entities who submit valid and timely requests for exclusion from the Class.

AKH

3. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Stipulation and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

5. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses, as to Defendants, the Action and all Plaintiffs' Released Claims with prejudice, without costs as to any Settling Party, except to the extent provided in the Stipulation and herein.

6. Upon the Effective Date hereof, Lead Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of this Final Judgment and Order shall have, fully, finally,

and forever released, relinquished, and discharged all of Plaintiffs' Released Claims against the Releasees, whether or not such Class Member executes and delivers the Proof of Claim.

7. Upon the Effective Date hereto, each of the Releasees shall be deemed to have, and by operation of this Final Judgment and Order shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action. Lead Plaintiff, all members of the Class, the successors and assigns of any of them, and anyone claiming through or on behalf of any of them, are hereby permanently barred, enjoined, and restrained from instituting, commencing or prosecuting, either directly or in any other capacity, in the Action or any other action or proceeding any of Plaintiffs' Released Claims against any of the Releasees. Plaintiffs' Released Claims against each and all of the Releasees shall be released and dismissed with prejudice and on the merits. Nothing in this paragraph shall release Plaintiffs' Released Claims against the Releasees by a Class Member who submitted a timely, signed request for exclusion from the Class and who did not submit a timely, signed request to revoke the prior request for exclusion and who are identified on Exhibit 1 attached hereto ("Opt-Out Plaintiffs").

8. The Notice of: (1) Pendency and Proposed Settlement of Class Action, and (2) Hearing on Proposed Settlement given to the Class was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all persons and entities entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

9. Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

10. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of Plaintiffs' Released Claims, or of any wrongdoing or liability of the Releasees, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or the Releasees in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants and/or the Releasees may file the Stipulation and/or this Judgment from this Action in any other action in which they are parties or that may be brought against them in order to support a defense, claim, or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

~~12. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.~~ AKH



659267_1

13. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

IT IS SO ORDERED.

DATED: Nov. 23, 2011

THE HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE



659267_1

# EXHIBIT 1

AS OF OCTOBER 18, 2011

NO REQUESTS FOR EXCLUSION

HAVE BEEN RECEIVED